UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CRIMINAL CASE 11-21-DCR-JGW-2
CIVIL CASE 14-7340-DCR-JGW

UNITED STATES OF AMERICA                    PLAINTIFF

V.

JOHN ELLIOTT                                DEFENDANT

## REPORT AND RECOMMENDATION

In March 2014, defendant John Elliott filed a pro se motion pursuant to 28 U.S.C. §2255 to vacate or set aside his federal conviction and sentence. Doc. 294. The United States filed its response in opposition in May 2014. Doc. 305. The Court afforded defendant time to file a reply (doc. 295) but defendant did not do so.

### Factual and Procedural History

Without having entered into a written plea agreement with the United States, in June 2011 defendant pleaded guilty to one count of conspiracy to commit wire fraud and in return the United States agreed to seek dismissal of the remaining charges. Doc. 144. A few days before sentencing, Judge Reeves issued an order informing the parties he "will consider at the time of sentencing a possible adjustment to the defendant's guideline range based on inadequacy of the defendant's Criminal History Category." Doc. 222.

At defendant's November 2011 sentencing, the United States presented testimony and argued that defendant should receive an increased sentence based on the amount of loss to the victims and due to defendant having

obstructed justice by lying to a police officer. The United States also argued that defendant should not receive credit for acceptance of responsibility "due to his challenge to the relevant conduct and obstruction." Doc. 305, p. 2.

Judge Reeves found that a sentencing increase was warranted based on defendant having obstructed justice and also agreed with the United States that defendant was not entitled to a reduction for acceptance of responsibility. The Court also concluded that defendant should receive an upward adjustment based on his extensive criminal history. Judge Reeves ultimately sentenced defendant to 200 months' incarceration. Doc. 232.

Defendant appealed. In April 2013, the Sixth Circuit affirmed. *United States v. Elliott*, 521 Fed.Appx. 513 (6th Cir. 2013). Defendant filed the pending §2255 motion in March 2014. Doc. 294.

### Analysis

Defendant raises ten grounds for relief, the majority of which consist of only one sentence. First, defendant alleges that "[a]t [the] time I entered a guilty plea I was on prescription drugs for psyc[.] reasons and was not on everything and they was [sic] still playing with my meds to find the right dose[.]" Doc. 294, p. 4. Second, defendant alleges that he "received bad advice from [his] lawyer[.]" *Id.* Third, defendant alleges he "was not promited [sic—presumably "provided"] a defense stragey [sic] meeting with my co[-]defendents [sic] after I ask many times[.]" *Id.* Fourth, defendant alleges that he "was told if [I] plead guilty to what me and my lawyer talked about I would recive [sic] points taken off for acceptance of responsibility[.]" *Id.* Fifth, defendant alleges he "ask[ed] my

lawyer to call [co-conspirators] Troy Watts, Brian Hancock, along with the Springdale police officer to testify. That would of [sic] cleared up false statements that was [sic] made. I ask many times and he refused to do so." *Id.* at p.5. Sixth, defendant alleges he "was told I would see a mental health counselor [sic] before court. I was also told with my plea I would recive [sic] a full mental health evaluation along with a drug assessment. I still haven[']t to this day!" *Id.* Seventh, defendant alleges he "sent my appeal lawyer e-mails from USP Hazelton and ask or should I say told her not to place [a] certain thing in my appeal that she did." *Id.* Eighth, defendant alleges that "[s]ince the time of my plea I have come along [sic] way with my reading skills up in till [sic] then and about a year after I read on a 3rd grade level." Ninth, defendant alleges that he "was given a 2 point enhancement for obstruction of Justice for a truthful statement that I gave the Springdale office my lawyer told me not to fight it and I would get back on the appeal 'for sure' if I didn[']t[.]" *Id.* Finally, defendant alleges that he "[a]lso ask my lawyer to go on and file a petition for certiorari with Supreme Court and was told I no longer had that right[.]" *Id.*

"A prisoner seeking relief under § 2255 must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To be cognizable under §2255, an alleged constitutional error must be of such magnitude as to have "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th

Cir. 1999). "Conclusory statements are insufficient to warrant relief under Section 2255." *Combs v. United States*, 2009 WL 943526, at *3 (M.D. Tenn. April 6, 2009). *See also* Wogenstahl *v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance, however . . . are insufficient to state a constitutional claim."); *United States v. Dyess*730 F.3d 354, 359 (4th Cir. 2013) ("Thus, vague and conclusory allegations contained in a §2255 petition may be disposed of without further investigation by the District Court.") (internal quotation marks omitted).

In order to demonstrate ineffective assistance of counsel, a petitioner must make two showings. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S.668, 687 (1984). A court need not address both prongs if a petitioner fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004). Finally, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

Using those standards, defendant's claims must fail. The first claim, involving defendant allegedly being on medication at the time of his plea, is fatally conclusory and vague as it does not specify what medication(s) defendant was allegedly taking or how the medication(s) purportedly affected defendant's

ability to plead guilty.[1]  Defendant's related claim that he was told he would see a mental health counselor and would receive a mental health evaluation similarly fails because defendant does not allege how the lack of a mental health evaluation affected his decision to plead guilty, nor has he shown that the lack of the evaluation was a fundamental error which resulted in a miscarriage of justice.[2]

Defendant's second claim regarding his lawyer having allegedly given him bad advice is also fatally vague and conclusory.  Defendant has not specified the nature of the allegedly bad advice nor what effect that alleged advice had on his decision to plead guilty.[3]

Next, defendant's third claim regarding the lack of a meeting with his co-defendants does not warrant relief because defendant does not state what effect the lack of a meeting had on his decision to plead guilty (or what effect defendant believes having such a meeting would theoretically have had on that decision).  In other words, defendant has not shown why a meeting with his co-defendants

---

[1] The claim also is contradicted by defendant's statements at his rearraignment that he was bipolar and a paranoid schizophrenic but was not taking any mental health-related medications.  Doc. 263, p. 5-6.  In addition, defendant's counsel also stated at rearraignment that he believed defendant was competent to plead guilty.  *Id.* at p. 8-9.  "Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  In short, defendant's terse, self-serving claim that he was on unspecified medications when he pleaded guilty stands in contrast to the record.

[2] At rearraignment, the Court pointed out that in exchange for defendant's guilty plea to one count of the indictment, the United States would move to dismiss the other charges.  Doc. 263, p. 9-10.  The court then asked if defendant had "any other agreements with the government that haven't been disclosed to me?"  *Id.* at p. 10. Defendant answered, "[n]o sir, Your Honor."  *Id.*  Defendant's argument in his §2255 motion regarding having been promised a mental health evaluation accordingly contrasts defendant's statements under oath.  *See Blackledge*, 431 U.S. at 74.  In addition, defendant's counsel flatly refutes defendant's contention that defendant was promised a mental health evaluation.  Doc. 305-1, p. 7 ("I did not tell Mr. Elliott that he would receive a mental health evaluation or see a counselor before court.").

[3] Defendant's claim contradicts the transcript of his rearraignment hearing, during which the Court asked defendant if he was "satisfied with the advice and representation that he's [defendant's attorney] given you in the case?"  Defendant answered "[v]ery much so, Your honor."  *See Blackledge*, 431 U.S. at 74.

was either necessary or proper. At the time he pleaded guilty, defendant had to have been aware that no joint meeting had occurred and yet he nonetheless chose to proceed. Defendant has not shown an entitlement to relief.[4]

The next allegation made by defendant is that his counsel told him that he (defendant) would receive "points taken off" (his guidelines calculation) for acceptance of responsibility if he pleaded guilty. On direct appeal, defendant argued that his sentence was improper due to his failure to receive credit for acceptance of responsibility. The Sixth Circuit affirmed, concluding that the Court did not err in refusing to grant a reduction based on acceptance of responsibility due to defendant's refusal to admit the full scope of the criminal conspiracy. *Elliott*, 521 Fed.Appx. at 519 ("The district court did not clearly err in finding that Elliott did not merit a reduction for acceptance of responsibility."). "It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Defendant has not shown any intervening change in the law. Moreover, a petitioner may not relitigate issues decided adversely to him on direct appeal under the recharacterized guise of

---

[4] In addition, defendant's counsel states that his "notes do not indicate any request by him [defendant] for a joint defense meeting nor do I recall him asking for one. . . . Had he requested such a meeting, I would have contacted the other defense lawyers to see about arranging same." Doc. 305-1, p. 5. Moreover, defendant's counsel states that because "[n]one of the defendants went to trial . . . the assertion that there was some available joint defense . . . confuses me." *Id.*

ineffective assistance of counsel. *See, e.g., Paull v. United States*, 2011 WL 2494114, at *2 (N.D. Ohio June 22, 2011).[5]

Defendant next contends his attorney should have called certain witnesses to testify.[6] Like his other claims, however, defendant's claim is conclusory in that he does not specify how the failure to call those witnesses affected his decision to plead guilty or his final sentence, nor does he otherwise show that the failure to call those witnesses was an error sufficient to necessitate relief. Indeed, defendant does not even state with any specificity which allegedly false statements the erstwhile testimony would have "cleared up."[7]

Defendant's eighth allegation, regarding his increased reading ability, does not even present a cognizable claim for any sort of specific relief.[8] Furthermore, defendant has not shown how his reading skills, or lack thereof, constitute any type of error or defect of a sufficient magnitude to render the proceedings invalid.

Defendant's next allegation is that his appellate counsel raised an unspecified issue on appeal which defendant did not want to be raised. As before, however, defendant's allegation is fatally conclusory and vague in that he

---

[5] Defendant's allegation regarding having been promised a reduced sentence based on receiving credit for acceptance of responsibility stands in contrast to the Court's warning defendant at rearraignment that until a presentence report is prepared and any objections thereto are resolved "it would be impossible for the Court or for your attorney to know exactly what your guideline range would be[.]" Doc. 263, p. 13.

[6] Defendant does not specify the proceeding at which the witnesses purportedly should have testified but the Court presumes defendant believes they should have testified at his sentencing.

[7] Defendant's attorney states that "[t]here was never a request made to call the police officer as a witness nor was there ever a request to have Brian Hancock testify at the sentencing hearing." Doc. 305-1, p. 6. Defendant's attorney also opines that "[t]heir testimony would have helped the prosecution not the defense . . . ." *Id.* at p. 7.

[8] Defendant's claim regarding his lack of reading skills at the time he pleaded guilty stand in contrast with his statement at rearraignment that he had completed the eleventh grade and possessed a GED. Doc. 263, p. 4-5. Defendant also answered "[y]es, sir, Your Honor" when asked if he was able to read and write. *Id.* at p.5. *See Blackledge*, 431 U.S. at 74.

does not specify which issue he did not want counsel to raise nor does he specify what prejudicial effect raising the issue had on his appeal. *Cf. McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) ("Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.").[9] In addition, defendant's related claim that his appellate counsel was ineffective for failing to file a petition for certiorari is without merit because "defendants are not constitutionally entitled to the assistance of counsel in preparing petitions for certiorari . . . ." *Nichols v. United States*, 563 F.3d 240, 242 (6th Cir. 2009). "And, where there is no constitutional right to counsel there can be no deprivation of effective assistance, so the failure to file for such review cannot amount to constitutionally ineffective assistance. . . . Without a constitutional right to counsel, we do not even reach the question of deficiency under *Strickland*." *Id.* at 248, 251 (citations and quotation marks omitted).[10]

The final issue remaining is defendant's contention that his sentence was improperly enhanced due to his having obstructed justice but his trial counsel told defendant not to fight the enhancement at the trial court level because he would win that issue on appeal "for sure." The merits of the enhancement for obstruction of justice are not cognizable in this §2255 proceeding as that precise issue was decided adversely to defendant on direct appeal and defendant has

---

[9] Defendant's appellate counsel avers in her affidavit that it was her understanding that defendant "was satisfied with the brief" and that she had advised defendant that claims of ineffective assistance of trial counsel are generally not cognizable on direct appeal. Doc. 305-2, p. 1.

[10] Defendant's appellate counsel avers that she informed defendant of his right to file a petition for certiorari and the deadline for doing so but declined to do so herself "because, in my professional judgment, I did not believe there were grounds for seeking Supreme Court review." Doc. 305-2, p. 1.

pointed to no subsequent change in the law. *See Elliott*, 521 Fed.Appx. at 517-18 ("Elliott next challenges the two-level increase he received for obstruction of justice. The obstruction-of-justice increase is based on Elliott's actions in March of 2010, when he successfully convinced the police to release him from custody after Hancock was detained. . . . The false statement Elliott made to police in March of 2010 was related to, and obstructed, the investigation into the instant offense of passing bad checks as travelers' checks.").[11] Defendant's claim that his attorney told him not to fight the obstruction enhancement is contrasted by the inescapable fact that defendant's counsel did object to the enhancement. *Id.* at 518 ("Elliott's primary objection at trial and on appeal is that the obstruction was not related to the 'instant offense.'"). Defendant's argument therefore, is "wholly incredible" when compared to "the fact of the record[.]" *Blackledge*, 431 U.S. at 74.

### Conclusion

For the foregoing reasons, defendant's §2255 motion [doc. 294] should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50

---

[11] The Sixth Circuit's specifically referring to the statement as false dooms defendant's contention that he was penalized for making a truthful statement.

F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).    Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

This the 18th day of July, 2014.

Signed By:

*J. Gregory Wehrman*

United States Magistrate Judge