UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 2: 11-21-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 2: 14-7340-JGW |
| V. ) | |
| ) | |
| JOHN C. ELLIOTT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

On June 27, 2011, Defendant John C. Elliott entered a guilty plea to a charge of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Elliott did not sign a written plea agreement. However, at the time of his guilty plea, the United States orally agreed to dismiss Elliott's other charges of aiding and abetting wire fraud. [Record No. 263, p. 3] Because Elliott had a criminal history score that substantially under-represented the seriousness of his criminal conduct and the likelihood that he would commit other crimes, the Court departed upward from his guideline range. [Record No. 245, pp. 97-98] The Court also held that Elliott was not entitled to credit for acceptance of responsibility under the United States Sentencing Guidelines ("USSG"). [*Id.*, p. 95] More specifically, the Court found that Elliott failed to truthfully admit the scope of his conspiracy or the conduct attributed to him. [*Id.*] Elliott was sentenced to two-hundred months of imprisonment, followed by three years of supervised release. [Record No. 232]

Elliott filed a direct appeal with the United States Court of Appeals for the Sixth Circuit challenging the reasonableness of his sentence. [Record No. 233] However, on April 12, 2013, the Sixth Circuit affirmed this Court's judgment. *United States v. Elliott*, 521 F. App'x 513, 514 (6th Cir. 2013). Elliott now seeks collateral relief under 28 U.S.C. § 2255. [Record No. 294] Consistent with local practice, Elliott's § 2255 motion was referred to a United States Magistrate Judge for issuance of a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B). After analyzing the issues raised in Elliott's motion, Magistrate Judge J. Gregory Wehrman has recommended that the requested relief be denied. [Record No. 306] Elliott has not filed objections to the Recommended Disposition.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Although Elliott has failed to object, the Court has conducted a *de novo* review of the issues raised in his motion. After again examining the record, the undersigned agrees with the Magistrate Judge's recommendations.

Further, the Court declines to issue a Certificate of Appealability on any issue raised in Elliott's motion.[1]

Elliott's claim that he plea was not knowing and voluntary because he was on psychiatric medications is meritless. This claim is contradicted by his statements at the time the plea was entered. [Record No. 263, pp. 5-6] In this regard, the Court notes that statements made in open court "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, as the Magistrate Judge explained, Elliott does not allege what medications he was taking at the time of his plea, or indicate they affected his ability to understand the proceedings.

Similarly, Elliott's argument that he received "bad advice" from his lawyer is too vague and conclusory to warrant relief. He does not attempt to explain the "bad advice" given by his attorney or indicate how it affected his decision to enter a guilty plea. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Elliott also claims that he could only read at a third-grade level at the time of his plea. In addition to not stating an adequate ground for relief, this claim is not supported by the record. At the time of his guilty plea, Elliott affirmed that he had an eleventh-grade

---

[1] A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). Here, Elliott has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

education, a General Equivalency Diploma, and could read and write. [Record No. 263, pp. 4-5] He offers no evidence to support his contrary assertions.

Elliott's claim concerning an allegedly-promised mental health consultation and evaluation fails. Elliott fails to demonstrate how the lack of an evaluation violated his constitutional rights or created a fundamental error that resulted in a miscarriage of justice. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation omitted). Additionally, this assertion is undermined by Elliott's sworn statements that he had no undisclosed agreements with either the United States or any third parties. [Record No. 263, pp. 9-10] Thus, he is not entitled to relief on this ground. *See Blackledge*, 431 U.S. at 74.

Elliott also argues that his attorney incorrectly indicated that he would receive credit for acceptance of responsibility if he entered a plea of guilty. However, Elliott's loss of credit was something that Elliott – not his attorney – controlled. Elliott lost acceptance credit because he did not truthfully admit his conduct or the scope of the conspiracy. Elliott argued this point on appeal but was unsuccessful. *Elliott*, 521 F. App'x at 519. Additionally, this claim is contravened by Elliott's sworn statements during his guilty plea that he had no undisclosed agreements. [Record No. 263, p. 10] As the Magistrate Judge properly determined, a § 2255 motion is not a proper means to "relitigate issues raised and considered on direct appeal." [Record No. 306, p. 6 (citing *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999))]

Likewise, Elliott's claim that his sentence was improperly enhanced is also without merit. This challenge was rejected by the Sixth Circuit on direct appeal. *Elliott*, 521 F.

App'x at 517-18. Regardless, as the Sixth Circuit held, Elliott's assertion that his counsel instructed him not to challenge the enhancement is directly contradicted by the record. *Id.* at 518.

Elliott also claims that he did not have a meeting with his co-defendants despite his request. But Elliott does not state what impact this had on his decision to plead guilty or what effect he thinks the potential meeting would have had on his decision to plead guilty. Additionally, Elliott's attorney's notes do not confirm that any such a meeting was requested. [Record No. 305-1, p. 5] Elliott also fails to offer any evidence in support of his claim that his attorney failed to call certain witnesses favorable to his defense or assert how such an alleged failure impacted his decision to plead guilty. Moreover, Elliott's counsel states that Elliott never made a request to call the witnesses and their expected testimony would have assisted the prosecution and not the defense. [*Id.*, pp. 6-7] Thus, the Court concludes that these claims are meritless.

The Court also agrees with the Magistrate Judge's conclusions regarding Elliott's appellate claims. Elliott asserts that his appellate counsel raised an issue he did not wish to be raised during his direct appeal. But like many of Elliott's assertions, this argument is conclusory and lacks any evidentiary support. As the Magistrate Judge correctly noted, Elliott has not identified any issue he did not want to be raised or state the prejudicial effect his attorney's actions may have caused. [Record No. 306, p. 8 (quoting *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004))] Thus, the claim also fails.

Finally, Elliott contends that his appellate counsel was ineffective by failing to seek a petition for certiorari. However, this claim fails because defendants are not constitutionally entitled to the assistance of counsel in preparing such petitions. [*See* Record No. 206, p. 8 (citing *Nichols v. United States*, 563 F.3d 240, 242 (6th Cir. 2009).] Moreover, appellate counsel states that Elliott was advised of his right to seek such relief and of the deadline for doing so. However, counsel did not file a petition herself because there were no adequate grounds for seeking review. [Record No. 305-2, p. 1] In short, like his other assertions, Elliott's claims concerning ineffective appellate counsel do not warrant relief under § 2255.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge J. Gregory Wehrman [Record No. 306] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Defendant John C. Elliott's motion to vacate, set aside, or correct his sentence [Record No. 294] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

3. The Court declines to issue a Certificate of Appealability with respect to any issue raised in Elliott's motion.

This 8th day of August, 2014.



Signed By:
*Danny C. Reeves*
United States District Judge